Filed 6/17/26  Renzas v. Tong CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JAMES RENZAS, Plaintiff and Respondent, v. KEITH TIAN TONG, Defendant and Appellant. | G065490 (Super. Ct. Nos. 30-2021-01203301) O P I N I O N |

Appeal from a judgment and orders of the Superior Court of Orange County, Nathan T. Vu, Judge. Affirmed.

Keith Tian Tong, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Keith Tian Tong appeals from a judgment and various posttrial orders. Because he failed to provide an adequate record to enable meaningful appellate review, we affirm.

FACTS

We glean the following facts from the limited record on appeal.[1]

This case arose from the collapse of Innovatech Capital Corp. James Renzas filed a complaint against Innovatech, Tong, and others, and Tong cross-complained against Renzas. Neither pleading is in the record, but a minute order mentions that the parties asserted claims like conversion and breach of fiduciary duty.

One week before trial, Tong (representing himself) filed a motion for a court-ordered forensic audit of Innovatech. The trial court's ruling on that motion is not in the record, but we presume from Tong's briefing that the motion was denied. The matter went to trial shortly thereafter, and the jury returned a verdict awarding damages to Renzas.

According to the register of actions, Tong filed a motion for new trial, a motion for judgment notwithstanding the verdict, and a motion to stay. These motions are also not in the record. The trial court denied all three motions and ordered that judgment be entered in favor of Renzas and against Tong in the amount of $72,780.

The following day, Tong filed a notice of appeal. He also filed a motion for reconsideration of his audit request, a renewed motion to stay, and

---

[1] Tong's brief does not include any record citations. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) We disregard factual contentions that are not supported by citations to the record. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

2

a motion to disqualify the trial judge. The trial court's ruling on those motions is not in the record.

## DISCUSSION

Tong presents a number of arguments on appeal—for example, that the trial court erred in denying his request for a forensic audit, that the damages award was unsupported, that the proceedings were tainted by judicial bias, and that various procedural irregularities deprived him of a fair trial. Unfortunately, his failure to provide a proper record prevents us from considering his arguments on the merits.

A trial court's orders and judgment are presumed correct, and the burden is on the appellant to demonstrate, based on the appellate record, that the court committed a reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) If an appellant fails to provide an adequate record, the court's decision must be affirmed. (*Ibid.*; see *State Comp. Ins. Fund v. WallDesign Inc.* (2011) 199 Cal.App.4th 1525, 1528, fn.1 ["'if it is not in the record, it did not happen'"].) These same rules apply to self-represented litigants. (See *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323.)

Tong did not provide a sufficient record to support his arguments on appeal. The appellate record includes only his motion for a forensic audit, his reply brief in support of that motion, the reporter's transcript of closing arguments, the trial court's minute order denying his posttrial motions, and various filings from after he filed his notice of appeal. The record is devoid of any pleadings, the opposition to and the court's ruling on Tong's audit motion, a transcript of what transpired at trial, the court's ruling on Tong's posttrial motions, or the judgment. Without that record, we do not know what happened in the proceedings below and cannot discern whether any reversible error occurred.

## DISPOSITION

The judgment and orders are affirmed. As there has been no appearance by respondents, all parties shall bear their own costs. (Cal. Rules of Court, rule 8.278(a)(5).)


SCOTT, J.

WE CONCUR:


MOTOIKE, P. J.


DELANEY, J.

4